**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3592-18T4

C.A.F.,

     Plaintiff- Respondent,

v.

H.F.,

     Defendant- Appellant.

_____

          Argued March 2, 2020 – Decided April 3, 2020

          Before Judges Geiger and Natali.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FM-04-0535-06.

          H.F., appellant, argued the cause pro se.

          Mark Alan Gulbranson, Jr., argued the cause for respondent (Attorneys Hartman, Chartered, attorneys; Mark Alan Gulbranson, Jr., on the brief).

PER CURIAM

Defendant H.F.[1] appeals from a March 14, 2019 Family Part post-judgment order modifying plaintiff C.A.F.'s child support obligation from $327 to $125 per week and changing the manner of payment. We reverse and remand for recalculation of child support.

## I.

The parties were married in April 1992 and have two children: N.F. (Nancy), born in 1994, and C.F. (Carl), born in 2000. The parties were divorced in October 2006. The judgment of divorce incorporated the property settlement agreement (PSA) entered by the parties.

The PSA provided for joint legal and physical custody with equal parenting time of Nancy and Carl with no alimony or child support obligation.[2] As to college expenses for the children, the PSA stated: "It is specifically understood and agreed between the Husband and Wife that the parties shall divide the college education of the children/child based on the respective income of the parties at that time, and New Jersey case law."

---

[1] We use initials and pseudonyms to protect the confidentiality of the parties and their children. R. 1:38-3(d)(1), (11).

[2] The PSA incorporated the terms of an undated Child Custody Agreement.

A-3592-18T4

Pertinent to this opinion, the PSA defined emancipation as occurring when the child: (a) reaches the age of twenty-one or completion of four academic years of college, whichever last occurs; (b) marries; or (c) establishes a permanent residence away from the primary residence other than boarding school, camp, or college.

Following the divorce, defendant accused plaintiff of domestic violence.[3] In June 2009, plaintiff's parenting time was temporarily suspended, and defendant became the parent of primary residence. An unallocated child support obligation of $327 per week was imposed on plaintiff for both children. To mend their relationships, the parties and children were required to attend court-ordered group therapy at various times. A parenting coordinator was appointed, who later withdrew from the case. Beginning in 2012, both Nancy and Carl refused to visit or communicate with plaintiff voluntarily.

A September 9, 2011 order maintained defendant as the children's parent of primary residence. The order also denied plaintiff's application for transfer of custody and suspension of defendant's parenting time. The remaining relief sought by the parties was also denied.

---

[3] Eventually, the parties agreed to a consent order with civil restraints. The order is not provided in the record.

In August 2017, Nancy became emancipated. That same month, defendant became disabled[4] and applied for Social Security Disability Benefits (SSD). In June 2018, Carl turned eighteen, graduated from high school, and enrolled full-time at Rowan University. He lives on campus Sunday through Thursday, excluding scheduled days off, holidays, winter and spring breaks, and the entire summer. In his certification, Carl states that he has a strained relationship with plaintiff and an undisclosed medical condition. Plaintiff certifies that Carl was diagnosed with this condition when he was an infant.

On January 7, 2019, plaintiff moved to terminate child support arguing both Nancy and Carl are emancipated. In the alternative, he sought a support modification due to Carl attending college. Plaintiff also sought: (1) defendant to provide a completed Case Information Statement (CIS); (2) proof of Nancy and Carl's attendance at college; (3) suspension of his wage garnishment for child support; (4) reimbursement of $14,038.86, the cost of defendant's and the children's health insurance; (5) reimbursement of $2652.50, the cost of court-ordered group therapy; (6) release of certain reports under court seal to plaintiff's counsel for review; and (7) the court to make relief retroactive to December 12,

---

[4] The record does not indicate the nature of defendant's disability.

2018.  Notably, plaintiff did not request that child support be paid directly to Carl or deposited in a joint bank account between plaintiff and Carl.

Defendant opposed plaintiff's request to terminate or modify child support.  In her certification, defendant averred that "[t]o date [plaintiff] has not contributed to either of our children's college.  I have solely paid for our children's college education."  She certified that both children "have multiple genetic disorders and health issues that require constant medical monitoring, testing, medication and food planning."  Defendant also certified that plaintiff has remarried, possesses a graduate degree, and is employed in a managerial position.  Defendant noted that she had never moved to increase child support since 2009 despite plaintiff's increased income.

Defendant noted that according to plaintiff's CIS, his income in 2018 was $123,017 and he earned $21,829.91 from January 1 to February 24, 2019.  In contrast, defendant is not employed, has been declared totally disabled from employment by the Social Security Administration, and began receiving SSD benefits of $2100 monthly, or $25,200 annually, in January 2019.

Defendant cross-moved to:  (1) remove plaintiff as trustee of the life insurance policies and replace him with Nancy and Carl; (2) deny plaintiff's reimbursement requests; (3) enforce existing civil restraints against plaintiff; (4)

A-3592-18T4

require plaintiff to continue providing health insurance for Nancy and Carl; and (5) require plaintiff to reimburse her for medical expenses incurred over the past twelve years.

In his reply certification, plaintiff acknowledged he did not contribute towards the children's medical expenses or college but stated, "no claim was ever made" because "[d]efendant chose not to seek payment from me." Plaintiff noted that defendant did not submit any receipts for the medical expenses she claims that she incurred over the past twelve years.

At the motion hearing on February 15, 2019, defendant did not possess written proof that Carl was enrolled as a full-time college student and the parties had not exchanged relevant documents. Due to these deficiencies, the court ordered defendant to provide proof of Carl's enrollment in college, the parties to exchange current CISs with supporting documents, medical bills, and scheduled another hearing.

On March 14, 2019, the court found Carl is a full-time college student and determined that he was not emancipated. The court noted the record did not demonstrate Carl "relies on himself" or "is beyond the sphere of influence of" defendant. The court then considered whether plaintiff's child support obligation should be modified.

A-3592-18T4

The court noted that continued child support is required even if the child is enrolled in college full-time. The court stated the Child Support Guidelines (Guidelines) are not used to determine child support for children over eighteen who are full-time college students. The court also noted that the child support was not modified when Nancy became emancipated; it remained at $327 per week. After reviewing the parties' CISs and additional submissions, the court stated that it felt "very comfortable reducing the amount of child support to $125 a week" retroactive to January 14, 2019. In doing so, the court did not express any findings or conclusions.

The court also attempted to repair the relationship between plaintiff and Carl by ordering that the child support be deposited into a joint bank account in the name of plaintiff and Carl. The court envisioned this would allow Carl to "pull the money out of that account as he needs for school." The court felt "this could start to solve some of the issues and the lack of communication between [Carl] and his father." The court eliminated payment through probation by way of wage execution. The court also required Carl to provide plaintiff with his class schedule and grades each semester.

A-3592-18T4

The court denied all other relief sought by the parties, finding they "should have come to [c]ourt sooner." This appeal followed.[5]

Defendant raises the following points for our consideration: (1) the court erred in reducing child support from $327 per week to $125 per week; (2) the court failed to evaluate the appropriate factors, make findings, and state its conclusions; and (3) the court abused its discretion by ordering that child support be deposited into a joint bank account between plaintiff and Carl.

II.

Our scope of review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We defer to the Family Part judges' findings of fact because of their special expertise in family matters. Id. at 413. We will "not disturb the 'factual findings and legal conclusions of the trial judge unless [we are] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Id. at 412 (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)).

---

[5] This appeal is limited to the reduction of plaintiff's child support obligation. Neither party challenges the denial of the other relief they sought.

A-3592-18T4

"When reviewing decisions granting or denying applications to modify child support, we examine whether, given the facts, the trial judge abused his or her discretion." Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012) (citing Larbig v. Larbig, 384 N.J. Super. 17, 21 (App. Div. 2006); Loro v. Del Colliano, 354 N.J. Super. 212, 220 (App. Div. 2002)). "A party seeking modification of his or her child support obligation has the burden of demonstrating a change in circumstances warranting an adjustment." Ibid. (citing Lepis v. Lepis, 83 N.J. 139, 157 (1980)). "Any decision must be made in accordance with the best interests of the children." Ibid.

"The trial court has substantial discretion in making a child support award. If consistent with the law, such an award will not be disturbed unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice." Foust v. Glaser, 340 N.J. Super. 312, 315-16 (App. Div. 2001) (internal citations and quotation marks omitted); accord Tannen v. Tannen, 416 N.J. Super. 248, 278 (App. Div. 2010), aff'd, 208 N.J. 409 (2011). "An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Jacoby, 427 N.J. Super. at 116 (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)). "[W]e are not bound by '[a]

trial court's interpretation of the law' and do not defer to legal consequences drawn from established facts." Id. at 116-17 (second alteration in original) (quoting Manalapan Realty, L.P., v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

In Jacoby, we addressed "whether child support should be reduced when a child resides on campus while attending college." Id. at 113.

> We confirm the child's attendance at college is a change in circumstance warranting review of the child support amount. However, there is no presumption that a child's required financial support lessens because he or she attends college. As each case must turn on its own facts, courts faced with the question of setting child support for college students living away from home must assess all applicable facts and circumstances, weighing the factors set forth in N.J.S.A. 2A:34-23[(a)]. Resort to the Child Support Guidelines (Guidelines), R. 5:6A, to make support calculations for college students living away from home is error. Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A at 2513-14 (2012).
>
> [Ibid.]

A.

The trial court correctly concluded that Nancy's emancipation a year earlier and Carl's attendance at college full-time constituted a change in circumstance warranting review of the child support amount. "Once a change in circumstances has been demonstrated, the court next determines the

appropriate level of support." Id. at 119.  Defendant argues the trial court erred by not applying the Guidelines when it set child support for Carl, even though he was attending college full-time and residing on campus.

Ordinarily, utilizing the Guidelines to calculate child support for college students residing at school is error.  Id. at 113.  Instead, "the calculation of child support for the parties' college students must be based on evaluation of the factors enumerated in N.J.S.A. 2A:34-23[(a)]."   Id. at 122; see also Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A ¶ 18, www.gannlaw.com (2020).  The statutory factors, which are non-exclusive, are:

> (1) Needs of the child;
>
> (2) Standard of living and economic circumstances of each parent;
>
> (3) All sources of income and assets of each parent;
>
> (4) Earning ability of each parent, including educational background, training, employment skills, work experience, custodial responsibility for children including the cost of providing child care and the length of time and cost of each parent to obtain training or experience for appropriate employment;
>
> (5) Need and capacity of the child for education, including higher education;
>
> (6) Age and health of the child and each parent;

(7) Income, assets and earning ability of the child;

(8) Responsibility of the parents for the court-ordered support of others;

(9) Reasonable debts and liabilities of each child and parent; and

(10) Any other factors the court may deem relevant.

[N.J.S.A. 2A:34-23(a).]

Defendant contends the Guidelines should be applied because Carl is not emancipated under the PSA, which provides that residing at "college shall not be deemed to be a residence away from the residence of the parties and thus shall not be deemed an emancipation event." She emphasizes that Carl resides at school 114 days per year and lives at her residence the remaining 252 days per year during scheduled days off, holidays, winter and spring breaks, and summer recess. We disagree.

"In the unusual circumstance where it is determined support for a college student living away from home should be calculated with reference to the Guidelines, the judge must specifically recite all findings underpinning such a conclusion." Jacoby, 427 N.J. Super. at 120 (citing R. 1:7-4(a)). The trial court made no such finding. We discern no basis to utilize the Guidelines in this matter, considering that Carl lived on campus and apparently participated in a

12

school-sponsored housing and meal plan. See id. at 123 (finding application of the Guidelines to be error under such circumstances). Moreover, the court did not find Carl to be emancipated.

Plaintiff contended that child support must be reduced because Nancy was emancipated, and Carl was residing at college. While emancipation of one child should ordinarily result in a child support reduction, attendance at college by another should not automatically result in a further reduction of support. Here, plaintiff has not offered evidence showing that Carl's needs have lessened since attending college. Moreover, plaintiff is not contributing to Carl's college expenses.

As we explained in Jacoby, "[a]lthough the child support needs lessened in certain areas such as room and board, which falls within college costs, arguably other necessary expenses may increase when a child goes to college." Id. at 121. We also recognized "the possible continued need to maintain a local residence for a child who returns home from college during school breaks and vacations." Ibid. (citing Hudson v. Hudson, 315 N.J. Super. 577, 585 (App. Div. 1998)). Some child support expenses typically continue even when a child attends college. These include: transportation; furniture; clothing; linens and bedding; haircuts; telephone; supplies; toiletries; insurance; entertainment; and

spending money. Ibid. "While some of these expenses are the type considered within the Guidelines, many are not, further demonstrating the inapplicability of a Guidelines support award and the need for a trial judge to review the child's needs." Id. at 122.

B.

Defendant argues the trial court provided no reasoning or rationale for its decision to reduce child support to $125 per week. We agree.

"All support orders . . . 'must be based on the evidence and supported by a statement of reasons.'" Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594 (App. Div. 2016) (quoting Pressler & Verniero, cmt. 1.2 on R. 5:6A). When deciding a support modification motion, the court "must state clearly [its] factual findings and correlate them with relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underlying th[ose] conclusion[s]." Ibid. (alterations in original) (quoting Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986)). The court did neither. Rather, it resolved the support issue in conclusory fashion. Accordingly, we are constrained to reverse and remand this matter for the required findings and analysis.

On remand, the court shall consider the factors set forth in N.J.S.A. 2A:34-23(a) when calculating support for Carl, as he was a college student living away

14

from home.  Id. at 595.  The court shall "determine the child[]'s individual needs and assess the income, assets, debts, earning ability, age, and health of [the] child and each parent to reach an appropriate level of support."  Jacoby, 427 N.J. Super. at 122.  The other circumstances impacting the award that we have discussed must also be considered.

The analysis shall include comparison of the parties' present financial circumstances with the circumstances that formed the basis for the prior child support order.  Beck v. Beck, 239 N.J. Super. 183, 190 (App. Div. 1990).  It shall also consider the increase in needs occasioned by Carl's maturation, medical condition, and special needs.  Lepis, 83 N.J. at 150-51.

We further note that in her reply brief, defendant states that Carl now resides with her all year.  On remand, defendant shall apprise the court and plaintiff of Carl's present college enrollment, whether he commutes to school or lives on campus, and the amount of time he stays at defendant's residence.

C.

Defendant argues the court abused its discretion by requiring plaintiff to open a joint bank account, in his and Carl's name, and deposit the child support there, in place of direct payment to defendant through a wage garnishment.  In

rendering its decision, the court reasoned "this could start to solve some of the issues and the lack of communication between [Carl] and [plaintiff]."

We recognize that it "may be more appropriate for a parent to provide direct payments to the student for some of the child's support needs rather than to the other parent." Jacoby, 427 N.J. Super. at 122. We discern no need or basis to do so in this case.

Neither plaintiff nor Carl claim that defendant is misappropriating the child support rather than spending it to meet Carl's needs. Moreover, plaintiff did not request this form of relief. Considering Carl's special needs, his limited driving ability, and the fact that he divided his time between living at school and defendant's home, depositing the support into the joint account may be contrary to Carl's best interests. In any event, we view payment of support through a joint account as an inappropriate means to solve the strained relationship and resulting lack of communication between plaintiff and his son.

On remand, the trial court shall reinstate payment through probation by wage garnishment. The funds in the joint account shall be turned over to defendant.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3592-18T4